People v Hayes (2019 NY Slip Op 00227)





People v Hayes


2019 NY Slip Op 00227


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8100 4451/12

[*1]The People of the State of New York, Respondent,
v
Angelo Hayes, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Eunice Lee of counsel), and Milbank, Tweed, Hadley & McCloy, LLP, New York (Gary A. Crosby II of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered January 21, 2015, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The various evidentiary rulings challenged on appeal were provident exercises of discretion. In any event, none of them deprived defendant of a fair trial.
An approximately 22-minute video of defendant, the victim, and three others rapping was not evidence of uncharged crimes or bad acts despite the violent or offensive content of any of the rap lyrics (see People v Brewer, 28 NY3d 271, 276 [2016]). Even if Molineux analysis were applicable, the court providently exercised its discretion in finding that the video's probative value outweighed any undue prejudice arising from defendant's lyrics. The video had strong probative value in support of the identification of defendant based on his use of a three-word derogatory phrase that was also used by the shooter in a videotape of the shooting, the admission of which is not challenged on appeal, given that no one else present used that phrase in the video at issue. This video also supported the credibility, and ability to identify defendant, of two witnesses who were present on the occasions of both the video and the homicide. In the video the two witnesses were able to deliver elaborate lyrics despite their use of marijuana and alcohol, which they had also been using shortly before the shooting. Moreover, those witnesses had met defendant only recently in connection with a criminal enterprise, and the video tended to show that the witnesses would be able to identify defendant.
A video showing defendant catcalling a woman on the street, and then calling her a "bitch" when she continued walking and did not respond, was properly admitted to show defendant's motive to kill the victim, in light of testimony showing that defendant was upset with the victim for making belittling comments toward him and for having greater success than defendant in his romantic or sexual endeavors. Any prejudice arising from defendant's offensive conduct and language in that video was outweighed by its probative value.
We have considered and rejected defendant's remaining challenges to the court's evidentiary rulings, including his arguments that a video still of him was unduly prejudicial due to his menacing facial expression, and that various evidence providing background context for the uncharged criminal enterprise was excessive.
Defendant did not preserve his claim that the court should have issued limiting instructions regarding the videos, or any of his constitutional arguments, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
In any event, we find that any error in any of the evidentiary rulings raised on appeal was [*2]harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 242 [1975]).
Defendant's challenge to the sufficiency of the evidence supporting one of the weapon convictions is without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK